FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 11 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YAZMINE CASTILLO,

                                    Plaintiff,

          -against-

THE CITY OF NEW YORK, STACEY ROBINSON, and
JOHN DOE #1-5,

                                  Defendants.
-----------------------------------------------------------------X

CV 11 - 2283

**COMPLAINT**

JURY TRIAL DEMANDED

GARAUFIS, J.
REYES, M.J.

      Plaintiff YAZMINE CASTILLO, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ. PLLC,** complaining of the Defendants herein, respectfully show the Court and allege:

### PRELIMINARY STATEMENT

1.    This is a civil rights action in which the Plaintiff seeks relief for the Defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1981 and §1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws of the Constitution of the State of New York. The Plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this Court deems just and equitable.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §1981 and §1983.

3. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b), and (c).

## PARTIES

4. Plaintiff YAZMINE CASTILLO at all times hereinafter mentioned was a citizen of the United States residing in the State of New York, County of Kings.

5. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipality entitled, created, and authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7. Defendants ROBINSON and JOHN DOE #1-5 are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of Defendant THE CITY OF NEW YORK. ROBINSON and JOHN DOE #1-5 are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing

and engaging in conduct incidental to the performance of their lawful function in the course of their duties. Defendants ROBINSON and JOHN DOE #1-5 are sued individually.

## STATEMENT OF FACTS

8. Plaintiff is a receptionist at a social work/therapy office located in Kings County. On March 2, 2011 the police were summoned to the office due to an apparent altercation between clients. The police were obstructing the entrance to the office while talking to said clients. Ms. Castillo noticed one of the office's clients trying to get past the police with a baby stroller. Ms. Castillo opened the front door to the office and nicely asked the police if they could move to allow the client in. At this point Defendant ROBINSON became irate and told Castillo that she was not going to tell her what to do. Castillo responded that she was just asking and she then turned to return to her desk. At this point ROBINSON violently pushed Castillo (who weighs about 80 pounds) into the office -knocking a sandwich Castillo had in her hand across the waiting room- and stated "you have one more motherfucking time". At this point the office manager and several social workers came running in and said to ROBINSON "why are you hitting her?" ROBINSON then very tightly handcuffed Castillo, threw her on the waiting room chairs, and asked the stunned social workers "anyone else want to go to fucking jail?"

9. Plaintiff YAZMINE CASTILLO was falsely arrested and charged with Obstruction of Governmental Administration; NY Penal Law 195.05.

10. On March 3, 2011, the case was adjourned in contemplation of dismissal at arraignment in the criminal court.

## AS AND FOR A FIRST CAUSE OF ACTION
(U.S.C. §1983 Deprivation of Rights)

11. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

12. By their conduct and actions in arresting, imprisoning, failing to intercede on the behalf of Plaintiff YAZMINE CASTILLO, and in failing to protect them from the unjustified and unconstitutional treatment she received at the hands of Defendants ROBINSON and JOHN DOE #1-5, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1981 and §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

13. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered great humiliation, costs, and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(Liability of Defendant the City of
New York for Constitutional Violations, Negligent Hiring, Screening, Retention, Supervision, and Training)

14. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

15. At all times material to this complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants ROBINSON and JOHN DOE #1-5

had <u>de facto</u> policies, practices, customs, and usages which where a direct and proximate cause of the unconstitutional conduct alleged herein.

16.   At all times material to this Complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants ROBINSON and JOHN DOE #1-5 had <u>de facto</u> policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise, or discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

17.   As a result of the foregoing, Plaintiff was deprived of her liberty, suffered great humiliation, costs, and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest)

18.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

19.   By the actions described above, Defendants ROBINSON and JOHN DOE #1-5 falsely arrested and imprisoned Plaintiff YAZMINE CASTILLO without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to Plaintiff

YAZMINE CASTILLO and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

20. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered great humiliation, costs, and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Battery)

21. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

22. By their actions, Defendants ROBINSON and JOHN DOE #1-5 touched Plaintiff YAZMINE CASTILLO without his consent, under the color of law, which resulted in a battery.

23. As a result of the foregoing, Plaintiff suffered great humiliation, costs, and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Excessive Force)

24. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

25. By their actions, Defendants ROBINSON and JOHN DOE #1-5, used excessive force by using physical force without justification, negligently handling the situation, failing to use proper police procedure, and making a hasty and unwarranted resort to force.

26. As a result of the foregoing, Plaintiff suffered great humiliation, costs, and expenses, and was otherwise damaged and injured.

**WHEREFORE,** Plaintiff demands the following relief jointly and severally against all of the Defendants[1]:

a. Compensatory damages in the amount of $1,000,000.00 (One Million Dollars).

b. Punitive damages in the amount of $2,000,000.00 (Two Million Dollars).

c. Costs and attorney's fees.

d. Such other and further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
      May 7, 2011

                                      Yours, etc.

                                      SCOTT G. CERBIN, PLLC
                                      Counsel for Plaintiff

                                      By: Scott G. Cerbin (SC5508)
                                      26 Court Street, Suite 810
                                      Brooklyn, New York 11242
                                      (718) 596-1829

---

[1] Punitive damages are sought only against Defendants OFFICER ROBINSON and JOHN DOE #1-5.